

## Suffolk County Sheriff's Department

**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

May 21, 2004

Civil Clerk's Office
United States District Court for Massachusetts
U.S. Courthouse, 1 Courthouse Way
Boston, MA 02210

Re: David Golden v. County of Suffolk, USDC C.A. No. 04-10835-MEL
Edward R. Ellies v. County of Suffolk, USDC C.A. No. 04-10836-RGS
John Connolly v. County of Suffolk, USDC C.A. No. 04-10837-RGS
Michael Dwyer and County of Suffolk, USDC C.A. No. 04-10838-GAO
Robert Wisniewski, Jr. v. County of Suffolk, USDC C.A. No. 04-10839-PBS

Dear Sir/Madam:

Pursuant to 28 U.S.C. §1441 enclosed for filing please find certified copies of the case files on the above-referenced matters.

If you have any questions or require further information, please contact me at the number listed below.

Sincerely,

Ellen M. Caulo
Deputy General Counsel
Suffolk County Sheriff's Department
(617) 989-6681

Enc.

cc: Robert Tobin, Jr., Esq. (without enclosures)

Suffolk Superior Civil #04-981

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**04 10835 MEL**

DAVID M. GOLDEN  )
       Plaintiff,  )
                   )
v.                 )  C.A. No.
                   )
COUNTY OF SUFFOLK  )
       Defendant,  )
                   )

### NOTICE OF REMOVAL

I HEREBY ATTEST AND CERTIFY ON 4/27/04 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: [signature]

The Defendant-Petitioner County of Suffolk, petitions pursuant to 28 U.S.C. §1441 for removal from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts the action entitled _David M. Golden v. County of Suffolk_, pending in Suffolk County as Civil Action No. 04-0981.

1. This action involves allegations that the Defendant deprived the Plaintiff of his constitutional rights and was brought pursuant to 42 U.S.C. §1983.

2. This action is subject to removal by the Defendant-Petitioner by virtue of the provisions of 28 U.S.C. §1441.

3. This petition for removal is filed within thirty days of receipt of the Summons and Complaint, copies of which are attached hereto.

Wherefore, the Defendant-Petitioner, Suffolk County, petitions that this action be removed.

Respectfully submitted,
DEFENDANT
COUNTY OF SUFFOLK,
By its attorney,

[signature]
Ellen M. Caulo

RECEIVED MAY 4 2004

2004 MAY -4 A 11:17

I HEREBY ATTEST AND CERTIFY ON MAY 10, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

BBO #545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true copy of the foregoing papers upon Plaintiff's attorney, Robert H. Tobin, Jr., 735 South Street, Roslindale, MA 02131, by first class mail on April 26, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF APRIL, 2004.

_____
Ellen M. Caulo



Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-00981
### Golden v Suffolk

| | | | | | |
|---|---|---|---|---|---|
| File Date | 03/08/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 05/05/2004 | Session | A - Civil A | | |
| Origin | 1 | Case Type | E03 - Action against Commonwealth/municpl | | |
| Lead Case | | Track | A | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/06/2004 | Answer | 08/05/2004 | Rule12/19/20 | 08/05/2004 |
| Rule 15 | 06/01/2005 | Discovery | 04/27/2006 | Rule 56 | 06/26/2006 |
| Final PTC | 10/24/2006 | Disposition | 03/08/2007 | Jury Trial | Yes |

**Plaintiff**
David M Golden
Active 03/08/2004

**Private Counsel 499425**
Robert H Tobin Jr
Tobin & Tobin
735 South Street
Roslindale, MA 02131
Phone: 617-325-1010
Fax: 617-325-1055
Active 03/08/2004 Notify

**Defendant**
County of Suffolk
Served: 03/31/2004
Served (answr pending) 04/07/2004

**Private Counsel 545250**
Ellen M Caulo
Suffolk County Sheriff's Dept
200 Nashua Street
Boston, MA 02114
Phone: 617-989-6681
Fax: 617-989-6562
Active 04/20/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 03/08/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 03/08/2004 | | Origin 1, Type E03, Track A. |
| 03/08/2004 | 2.0 | Civil action cover sheet filed |
| 04/07/2004 | 3.0 | SERVICE RETURNED: County of Suffolk(Defendant) (In hand on 3/31/04) |
| 04/16/2004 | 4.0 | Motion of deft to enlarge time for filing ANSWER or responsive pleadings to & incl May 24, 2004 & assented to (w/o opposition) |
| 04/29/2004 | | MOTION (P#4) ALLOWED (Paul E. Troy, Justice) (Dated 4/26/04) Notices mailed April 27, 2004 |
| 05/04/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. County of Suffolk U. S. Dist.#(04-10835MEL). |
| 05/05/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON
MAY 10, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Lorraine A. Antosca_

ASSISTANT CLERK.

case01 236128 y y y y y y                                             Page 1 of 1

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL NO.

                                                04-0981 A

DAVID M. GOLDEN,         )
        Plaintiff        )    COMPLAINT
                         )
     VS.                 )
                         )
COUNTY OF SUFFOLK,       )
        Defendant        )
                         )

COUNT I- TORT FOR NEGLIGENCE PURSUANT TO MGL C. 258 S.1, ET SEQ.

Now comes the Plaintiff David M. Golden, and alleges that:

1. The plaintiff David M. Golden is an individual resident of Dorchester, County of Suffolk, in said Commonwealth.

2. The Defendant County of Suffolk is a county in the Commonwealth of Massachusetts and is and was at all times material hereto a public employer.

4. On or about April 29, 2003 the defendant had custody of the plaintiff , who at that time was incarcerated pursuant to a court ordered sentence of commitment, at a facility operated by the defendant located at Boston, Massachusetts.

5. On or about April 29, 2003, the defendant, through its employees, did undertake to care for the plaintiff and was responsible for the care of the plaintiff while the said plaintiff was in the custody of the defendant.

6. The said Defendant, through its agent(s) or employee(s)

1

owed a duty to the said Plaintiff, as a person under the custody of the defendant, to exercise reasonable care so as to prevent injury to the plaintiff.

7. On or about April 29, 2003, the defendant required the plaintiff to sleep on a bunk bed located above the floor of his assigned cell, without providing the plaintiff with a ladder or other safe means to ascend to and descend from said bed; and without instructing the plaintiff in a safe manner of ascending to and descending from said bed.

8. The said Defendant thus breached its said duty referred to in paragraph 6 above.

9. On or about April 29, 2003, while in the exercise of due care, the said Plaintiff while attempting to descend from the said bed , fell and was injured due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s).

10. As a proximate and actual result thereof, the said Plaintiff was seriously injured, suffered great pain of body and was forced to incur medical expense for medical care occasioned thereby.

11. Pursuant to the requirements of MGL Ch.258, written notice of the plaintiff's claims, a copy of which is annexed hereto and marked "A", was served on the Suffolk County Commissioners within two years after the date upon which the causes of action arose. Such claims have been finally denied by such executive officer and

2

public employer, who failed to deny such claims in writing within six months after the date upon which it was presented, or reach final arbitration, settlement, or compromise of said claims.

Wherefore the said Plaintiff demands a money judgment against said Defendant, plus costs.

### COUNT II- CAUSE OF ACTION PURSUANT TO 42 USC S. 1983 VS. DEFENDANT- MUNICIPAL LIABILITY

Now comes the Plaintiff and realleges and incorporates by reference herein the allegations contained in paragraphs one through eleven of the first count of this complaint and further allege as follows:

12. On or about April 29, 2003 and prior thereto, the defendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and/or descending from bunk bed(s) located off of the floor of its cells.

13. On or about April 29, 2003, the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court ordered committed sentence, at a facility operated by the defendant located at Boston, Massachusetts.

14. The defendant, through its sheriff or County Commissioners or other employee(s) with final decision making authority, maintained policies or customs of deliberate indifference to the Constitutional rights of inmates such as the plaintiff, which caused the deprivation of the plaintiff's State and Federal Constitutional rights.

3

Wherefore the Plaintiff requests that this Court:

a. Award compensatory damages against the defendant County of Suffolk;

b. Award the costs of this action, including reasonable attorney's fees to the plaintiff in accordance with 42 U.S.C. S.1988;

c. Award the plaintiff prejudgment interest; and

d. Award such other and further relief as this Court may deem necessary and appropriate.

Plaintiff claims trial by jury on all counts.

I HEREBY ATTEST AND CERTIFY ON
MAY 10, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.
Dated: 3/3/04

By his attorney,

_____
ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, PC
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
BBO No. 499425

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-0981 A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| David M. Golden | County of Suffolk |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 325-1010
Robert H. Tobin, Jr.
735 South Street, Roslindale, MA 02131
Board of Bar Overseers number: 499425

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action vs. County | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $ -0-
  2. Total Doctor expenses ................................................. $ -0-
  3. Total chiropractic expenses .......................................... $ -0-
  4. Total physical therapy expenses .................................... $ -0-
  5. Total other expenses (describe) .................................... $ -0-
     Subtotal $ -0-
B. Documented lost wages and compensation to date ............. $ unknown
C. Documented property damages to date .......................... $ -0-
D. Reasonably anticipated future medical and hospital expenses ... $ unknown
E. Reasonably anticipated lost wages .................................. $ unknown
F. Other documented items of damages (describe) ................. $ -0-

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff fell while descending bunk bed due to defendant's negligence and deliberate indifference, suffering rib, wrist, hand and back injury.
$ -0-
TOTAL $ -0-

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 3/3/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 10, 2004
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-0981 A

David M. Golden , Plaintiff(s)

v.

County of Suffolk , Defendant(s)

## SUMMONS

To the above-named Defendant: County of Suffolk

You are hereby summoned and required to serve upon Robert H. Tobin, Jr.

plaintiff's attorney, whose address is 735 South St. Roslindale, MA 02131 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __18th__ day of __March__ , in the year of our Lord two thousand __four__ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
MAY 10, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.



4.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                          SUPERIOR COURT
                                                     C.A. NO. 04-0981

_____
DAVID M. GOLDEN                     )
              Plaintiff,            )
                                    )
v.                                  )
                                    )
COUNTY OF SUFFOLK                   )
              Defendant,            )
_____ )

### ASSENTED TO MOTION TO ENLARGE TIME FOR FILING ANSWER OR RESPONSIVE PLEADINGS

Notice sent:
04/27/04(1.1.)
R.H.T.Jr.
T&T.
E.M.C.
S.C.S.D.

Now comes the Defendant, County of Suffolk, in the above-entitled action and respectfully requests that this Honorable Court enlarge the time to answer or otherwise respond to the Plaintiff's complaint from April 21, 2004 to May 24, 2004. As reasons therefore, Counsel for the Defendant states that the Summons and Complaint were served on the City of Boston's City Clerk's Officer on April 1, 2004 but were not received by the General Counsel's Office of the Suffolk County Sheriff's Department until April 14, 2004. As such additional time it needed to adequately prepare the Defendant's response. Counsel for the Plaintiff, Robert H. Tobin, Jr., Esquire, assents to this request.

I HEREBY ATTEST AND CERTIFY ON
MAY 10, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
      ASSISTANT CLERK.

Respectfully submitted,
Defendant, Suffolk County
By its attorney

_____
Ellen M. Caulo (BBO #545250)
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

Assented to:

Robert H. Tobin, Jr. (EMC)
_____
Robert H. Tobin, Jr., Esquire

Dated: April 16, 2004