UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 17 P 12:47

CIVIL NO. 04-10835MEL
DISTRICT COURT
DISTRICT OF MASS.

DAVID M. GOLDEN,
Plaintiff,

VS.

COUNTY OF SUFFOLK,
Defendant

)
) MEMORANDUM OF LAW IN
) SUPPORT OF (CONSOLIDATED)
) PLAINTIFFS' MOTIONS
) TO AMEND COMPLAINT
) PURSUANT TO FED.R.Civ. P.15
)
)
)
)

CIVIL NO. 04-10837RGS

JOHN T. CONNOLLY,
Plaintiff,

VS.

COUNTY OF SUFFOLK,
Defendant

)
)
)
)
)
)
)
)
)
)

CIVIL NO. 04-11001EFH

THOMAS P. CROSBY,
Plaintiff,

VS.

COUNTY OF SUFFOLK,
Defendant

)
)
)
)
)
)
)
)
)

1

CIVIL NO. 04-10838GAO

```
_____
                        )
MICHAEL J. DWYER,       )
Plaintiff,              )
                        )
           VS.          )
                        )
COUNTY OF SUFFOLK,      )
Defendant               )
                        )
_____ )
```

CIVIL NO. 04-10836RGS

```
_____
                        )
EDWARD R. ELLIES,       )
Plaintiff,              )
                        )
           VS.          )
                        )
COUNTY OF SUFFOLK,      )
Defendant               )
                        )
_____ )
```

CIVIL NO. 04-10839PBS

```
_____
                           )
ROBERT T. WISNIEWSKI, JR.  )
Plaintiff,                 )
                           )
           VS.             )
                           )
COUNTY OF SUFFOLK,         )
Defendant                  )
                           )
_____    )
```

Each (consolidated) plaintiff in this municipal negligence/civil rights action seeks leave to amend his complaint

2

by adding a paragraph alleging that the defendant county correctional facility (in addition to the extant allegations that the defendant forced the plaintiff inmate(s) to sleep on an upper bunk bed without providing a safe means of access and/or instructions on how to safely access the upper bunk) forced each plaintiff, in violation of Massachusetts Regulation 105 CMR 451.321, to share a cell, which cell's dimension was less than 210 (two hundred ten) square feet, with two (2) other inmates.

FED. R. Civ. P. 15(A) states in pertinent part that:

"(Otherwise ) a party may amend his pleadings only by leave of court...., and leave shall be <u>freely given</u> when justice so requires.". (emphasis mine.)

The case law construing federal Rule 15 clearly show that the Congressional intent behind said Rule 15 is that amendments to complaints should be liberally allowed by the Courts.

"This rule continues the practice in effect prior to its adoption, in which liberality in amendment was encouraged and favored, where no prejudice or disadvantage was suffered by the opposing side." <u>McDowell v. Orr Felt and Blanket Co.</u>, 146 F2D 136 (1944). "The mandate that leave to amend be freely given is to be heeded." <u>Ruluff v. Arabian American Oil Co.</u>, 421 F2d 240 (1979).

Accordingly, justice requires that the amended pleading be allowed.

Respectfully Submitted,

By their Attorney,



3

ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, P.C.
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
B.B.O. No. 499425

Dated: _6/16/14_

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above
document was served upon the attorney of record for each
party by mail/by hand/by fax.
Date: 6/16/14

4