UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL NO.04-10835-MEL

DAVID M. GOLDEN,
    Plaintiff    )    AMENDED COMPLAINT

VS.

COUNTY OF SUFFOLK,
    Defendant

COUNT I- TORT FOR NEGLIGENCE PURSUANT TO MGL C. 258 S.1, ET SEQ.

Now comes the Plaintiff David M. Golden, and allege that:

1. The plaintiff David M. Golden is an individual resident of Dorchester, County of Suffolk, in said Commonwealth.

2. The Defendant County of Suffolk is a county in the Commonwealth of Massachusetts and is and was at all times material hereto a public employer.

4. On or about April 29, 2003 the defendant had custody of the plaintiff , who at that time was incarcerated pursuant to a court ordered sentence of commitment, at a facility operated by the defendant located at Boston, Massachusetts.

5. On or about April 29, 2003, the defendant, through its employees, did undertake to care for the plaintiff and was responsible for the care of the plaintiff while the said plaintiff was in the custody of the defendant.

6. The said Defendant, through its agent(s) or employee(s)

1

owed a duty to the said Plaintiff, as a person under the custody of the defendant, to exercise reasonable care so as to prevent injury to the plaintiff.

7. On or about April 29, 2003, the defendant required the plaintiff to sleep on a bunk bed located above the floor of his assigned cell, without providing the plaintiff with a ladder or other safe means to ascend to and descend from said bed; and without instructing the plaintiff in a safe manner of ascending to and descending from said bed.

7A. On said date, the Defendant , in violation of Commonwealth of Massachusetts Regulation 105 CMR 451.321, forced the plaintiff to share said cell , which cell's dimension was less than 210 (two hundred ten) square feet, with two (2) other inmates.

8. The said Defendant thus breached its said duty referred to in paragraph 6 above.

9. On or about April 29, 2003, while in the exercise of due care, the said Plaintiff while attempting to descend from the said bed , fell and was injured due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s).

10. As a proximate and actual result thereof, the said Plaintiff was seriously injured, suffered great pain of body and was forced to incur medical expense for medical care occasioned thereby.

11. Pursuant to the requirements of MGL Ch.258, written notice

of the plaintiff's claims, a copy of which is annexed hereto and marked "A", was served on the Suffolk County Commissioners within two years after the date upon which the causes of action arose. Such claims have been finally denied by such executive officer and public employer, who failed to deny such claims in writing within six months after the date upon which it was presented, or reach final arbitration, settlement, or compromise of said claims.

Wherefore the said Plaintiff demands a money judgment against said Defendant, plus costs.

### COUNT II- CAUSE OF ACTION PURSUANT TO 42 USC S. 1983 VS. DEFENDANT- MUNICIPAL LIABILITY

Now comes the Plaintiff and realleges and incorporates by reference herein the allegations contained in paragraphs one through eleven of the first count of this complaint and further allege as follows:

12. On or about April 29, 2003 and prior thereto, the defendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and/or descending from bunk bed(s) located off of the floor of its cells.

13. On or about April 29, 2003, the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court ordered committed sentence, at a facility operated by the defendant located at Boston, Massachusetts.

14. The defendant, through its sheriff or County Commissioners or other employee(s) with final decision making authority,

maintained policies or customs of deliberate indifference to the Constitutional rights of inmates such as the plaintiff, which caused the deprivation of the plaintiff's State and Federal Constitutional rights.

Wherefore the Plaintiff requests that this Court:

a. Award compensatory damages against the defendant County of Suffolk;

b. Award the costs of this action, including reasonable attorney's fees to the plaintiff in accordance with 42 U.S.C. S.1988;

c. Award the plaintiff prejudgment interest; and

d. Award such other and further relief as this Court may deem necessary and appropriate.

Plaintiff claims trial by jury on all counts.

By his attorney,

ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, PC
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
BBO No. 499425

Dated: 7/20/14

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand/by fax.

7/20/04

4