UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID M. GOLDEN,<br>Plaintiff,<br><br>VS.<br><br>COUNTY OF SUFFOLK,<br>Defendant | CIVIL NO. 04-10835MEL |
| JOHN T. CONNOLLY,<br>Plaintiff,<br><br>VS.<br><br>COUNTY OF SUFFOLK,<br>Defendant | CIVIL NO. 04-10837MEL |
| THOMAS P. CROSBY,<br>Plaintiff,<br><br>VS.<br><br>COUNTY OF SUFFOLK,<br>Defendant | CIVIL NO. 04-11001MEL |
| MICHAEL J. DWYER,<br>Plaintiff,<br><br>VS.<br><br>COUNTY OF SUFFOLK,<br>Defendant | CIVIL NO. 04-10838MEL |

1

```
_____        )        CIVIL NO. 04-10836MEL
                                   )
EDWARD R. ELLIES,                  )
Plaintiff,                         )
                                   )
        VS.                        )
                                   )
COUNTY OF SUFFOLK,                 )
Defendant                          )
                                   )
_____        )


_____        )        CIVIL NO. 04-10839MEL
                                   )
ROBERT T. WISNIEWSKI,              )
Plaintiff,                         )
                                   )
        VS.                        )
                                   )
COUNTY OF SUFFOLK,                 )
Defendant                          )
                                   )
_____        )
```

**CONSOLIDATED PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

DEFENDANT'S CONDUCT IN FORCING PLAINTIFFS TO SHARE A CELL HAVING A DIMENSION OF LESS THAN TWO HUNDRED TEN FEET WITH TWO OTHER INMATES, IN VIOLATION OF MASSACHUSETTS REGULATION 105 CMR 451.321, IS NOT A DISCRETIONARY FUNCTION, AS SAID REGULATION PRESCRIBES A SPECIFIC COURSE OF ACTION WHICH THE MUNICIPAL DEFENDANT MUST FOLLOW.

Plaintiffs' Amended Complaint additionally alleges that the defendant acted in violation of Massachusetts Regulation (105 CMR 451.321) by forcing the plaintiff to share a cell of less than two hundred ten (210) square feet with two (2) other inmates.

105 CMR 451.321 (entitled "cell size in new or renovated facilities") states in pertinent part,:

"Each cell in a new facility or a part of a facility constructed after the effective date of 105 CMR 451.000 should contain:

(B)   For inmates usually locked in for less than ten hours per day, contain at least 70 square feet of floor space

2

for a single inmate...Floor space shall be calculated on the basis of the total habitable room area which does not include areas where floor-to-ceiling height is less than eight feet."

In <u>Harry Stoller and Company, Inc. v. City of Lowell</u>, 412 Mass. 139, 587 N.E. 2d 780 (1992) the Massachusetts Supreme Judicial Court, in enunciating the test to determine whether or not a particular governmental action is a protected discretionary function, held at p. 141:

"The first step in deciding whether a plaintiff's claim is foreclosed by the discretionary function exception of § 10(b) is to determine whether the governmental actor had any discretion at all as to what course of conduct to follow. The United States Supreme Court has referred to this determination as the first of two parts of the discretionary function test under the Federal Tort Claims Act. See *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 1958, 100 L. Ed. 2d 531 (1988). All the first step involves is a determination whether the actor had any discretion to do or not to do what the plaintiff claims caused him harm. Quite Obviously, if the governmental actor had no discretion because a course of action was prescribed by a statute, regulation, or established agency practice, a discretionary function exception to governmental liability has no role to play in deciding the case."

Accordingly, as the above-stated Massachusetts regulation prescribes a larger cell size than that afforded by the defendant in order to house three (3) cell-mates, the failure to do so is not a protected discretionary function.

By their attorney,

ROBERT H. TOBIN, JR.
TOBIN and TOBIN, P.C.
735 South Street
Roslindale, MA 02131-1705
Tel. (617) 325-1010
B.B.O. No. 499425

Dated  8/18/04

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for [illegible] party by mail/by hand/by fax.
Date: 8/18/04

3