**E N D O R S E M E N T**

DAVID M. GOLDEN, JOHN T. CONNOLLY, THOMAS P. CROSBY, MICHAEL J. DWYER, EDWARD R. ELLIES, and ROBERT T. WISNIEWSKI v. COUNTY OF SUFFOLK
04-CV-10835-MEL; 04-CV-10837-MEL; 04-CV-11001-MEL; 04-CV-10838-MEL; 04-CV-10836-MEL; 04-CV-10839-MEL

LASKER, D.J.

      Defendant moves to dismiss the Consolidated Plaintiffs' amended two count complaints. Defendant contends: (1) the state law negligence claim ("Count I") fails on the grounds that Defendant is exempt from governmental tort liability pursuant to the discretionary function exception under M.G.L. ch. 258 § 10(b); and (2) Defendant's conduct does not form a basis for an Eighth Amendment violation for purposes of municipal liability pursuant to 42 U.S.C. § 1983 ("Count II").

      At present Count I states a claim for relief with respect to the allegation that the Plaintiffs, individually, were forced to share a cell having a dimension of less than 210 square feet with two other inmates in violation of Massachusetts Regulation, 105 CMR 451.321.[1] Discovery is necessary to clarify whether the language employed by the regulation at issue permits discretion by Defendant, and whether such discretion is the kind for which M.G.L. ch. 258 § 10(b) provides immunity from liability. See Barnett v. City of Lynn, 433 Mass. 662, 663-664 (2001).

      However, to the extent that Count I alleges a claim for negligence based upon Defendant's failure to equip the cell's bunk beds with a means for ascending and descending, it fails to state a claim. In that regard, Defendant's conduct is protected by the discretionary function exception under M.G.L. ch. 258 §10(b). See Tavarez v. Essex County, 49 Mass. App. Ct. 113 (2000) (unpublished disposition) ("A decision whether to equip bunk beds in a correctional facility with ladders ... is characterized by a high degree of discretion and the weighing of alternatives and, therefore, warrants immunity.").

---

[1] However it is not self-evident from the complaint how Defendant's failure to provide a larger cell size contributed to Plaintiffs' alleged injury resulting during attempts to ascend / descend from the bunk beds.

With respect to Count II, the complaints sufficiently allege a claim for municipal liability under § 1983. Municipal liability actions are subject to the simplified notice pleading requirements of Fed. R. Civ. P. 8(a)(2). <u>Educadores Puertorriquenos En Accion v. Rey Hernandez</u>, 367 F.3d 61, 66 (1st Cir. 2004). The complaints allege that the County was aware that inmates had been injured by falling while attempting to ascend and/or descend from the bunk-beds; that Defendant nevertheless failed to provide a safe means of access to the bunk-beds; and that Plaintiffs were injured as a result. These allegations could be construed as arising pursuant to a policy or custom of the Defendant, that were the moving force behind the alleged deprivation of constitutional rights. See <u>Miller v. Kennebec County</u>, 219 F.3d 8,12 (1st Cir. 2000).

Whether Defendant's awareness of injuries to inmates resulting from ascent and descent from bunk-beds amounted to "deliberate indifference" for purposes of an Eighth Amendment violation is a question of fact not appropriate for determination on a motion to dismiss. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

Accordingly, the motion is DENIED except as to the claim that Defendant was negligent in failing to provide a means to ascend and descend from the bunk beds.

It is so ordered.

Dated:     September 22, 2004
           Boston, Massachusetts        /s/ Morris E. Lasker
                                        U.S.D.J.