**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

ROBERT T. WISNIEWSKI,      )
     Plaintiff               )
                            )
       v.                )
                            )      Civil Action No. 04-10839-MEL
COUNTY OF SUFFOLK,       )
     Defendants         )
_____)

### DEFENDANT COUNTY OF SUFFOLK'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant County of Suffolk hereby responds to the allegations contained in the numbered paragraphs of the Plaintiff's amended complaint as follows:

### Count I: Negligence

1.     The Defendant is without sufficient information to admit or deny the allegations contained in ¶1 of the Plaintiff's Amended Complaint.

2.     Admitted.

4.     The Defendant admits that on or about May 18, 2003 the Suffolk County Sheriff had custody of the Plaintiff at the Suffolk County House of Correction pursuant to a Mittimus/Order of Commitment issued by the District Court Department.

5.     The Defendant admits that on or about May 18, 2003 the Suffolk County Sheriff had custody of the Plaintiff at the Suffolk County House of Correction pursuant to a Mittimus/Order of Commitment issued by the District Court Department.  The Defendant further answers that the County of Suffolk, through its Sheriff, was responsible for the care and Custody of the Plaintiff while he was so committed.

6.     ¶6 contains conclusions of law to which no response is required.  To the

extent a response is required the Defendant denies the allegations contained in ¶6.

7.    The Defendant admits that on or about May 18, 2003 the Plaintiff was housed in a cell containing bunk beds.  The Defendant further admits that the bunk beds were not equipped with ladders.  The Defendant has insufficient information to admit or deny the remaining allegations in ¶7 of the Plaintiff's Amended Complaint.

7A.   Denied.

8.    ¶8 contains conclusions of law to which no response is required.  To the extent a response is required the Defendant denies the allegations contained in ¶8.

9.    Denied.

10.   Denied.

11.   The Defendant admits that the Plaintiff complied with the notice and presentment requirements of M.G.L. c. 258.

## Count II: 42 U.S.C. § 1983, Municipal Liability

The Defendant repeats and incorporates the responses to Plaintiff's allegations contained in ¶¶1 through 11 of his complaint.

12.   Denied.

13.   The Defendant admits that on or about May 18, 2003 the Suffolk County Sheriff had custody of the Plaintiff at the Suffolk County House of Correction pursuant to a Mittimus/Order of Commitment issued by the District Court Department.

14.   Denied.

## Affirmative Defenses

1.    The Complaint fails to state a claim for which relief may be granted.

3.    The doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 claims, and the plaintiff cannot establish that Suffolk County was the moving force behind any constitutional torts.

4.    Suffolk County is not liable for discretionary functions performed by its employees pursuant to M.G.L. c. 258 § 10(j).

5.      The Plaintiff has failed to exhaust his administrative remedies.

6.      The Plaintiff was more than 50% at fault in causing the alleged injury and, therefore are barred from recovery by the comparative negligence statute, M.G.L. c. 231 § 85.

7.      If the Plaintiff is entitled to recover against the Defendant any such recovery must be reduced in accordance with the comparative negligence statute, M.G.L. c. 231, § 85 since the Plaintiff's own negligence was the proximate cause of the injury allegedly sustained.

## Jury Demand

**The Defendants hereby demand a trial by jury on all claims so triable.**


Respectfully submitted for
Defendant Suffolk County
By its attorney,


/s/ Ellen M. Caulo

Ellen M. Caulo
BBO #545250
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114


Date:   October 4, 2004