UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL NO.04-10835-MEL

_____
                      )
DAVID M. GOLDEN,      )    MEMORANDUM OF REASONS IN SUPPORT
ET ALS, Plaintiffs )       OF PLAINTIFF'S MOTION TO
                      )    COMPEL RESPONSE TO
     VS.              )    REQUEST FOR PRODUCTION
                      )    OF DOCUMENTS
COUNTY OF SUFFOLK,  )
Defendant          )
_____)

1) MA LOCAL RULE 37.1 DISCOVERY CONFERENCE RESULTS

    A discovery conference pursuant to MA Local Rule 37.1 was held

on August 28, 2007 by telephone between plaintiff's counsel Robert

H. Tobin, Jr. And defendant's counsel Alison Fabella, of a duration

of approximately 10 (ten) minutes. As a result of this conference,

plaintiff's counsel has agreed not to seek unredacted copies of

documents. [1]

    Although the defendant has produced responsive (redacted)

documents for the year 2002 only (as a result of previous discovery

conferences conducted by the parties on this issue), a dispute

presently remains as to the requested records for the years 1994-

2001, inclusive, as well as for the year 2003. [2]

_____

[1] The documents sought necessarily contain the identity of inmates who allegedly were injured in the
same manner as alleged by the plaintiffs. The defendant wishes to preserve the confidentiality of
any  such inmates by redacting their identities. Accordingly, documents previously produced by the
defendant in partial response ( i.e. for the year 2002 only) to the disputed discovery request have
been redacted to prevent the disclosure of the names of such similarly injured inmates. Plaintiff's
counsel has no objection at this time to the redactions.
_____
[2] At this time, plaintiff's counsel is interested in obtaining responsive documents for the year 2003
for the inclusive period of January 1, 2003 to February 3, 2003 ; the date of the plaintiff John T.
Connolly's alleged incident.

1

2) NATURE OF CASE AND FACTS RELEVANT TO THE DISCOVERY DISPUTE

The instant case is an action by six (6) consolidated plaintiffs [3] (former inmates in the custody of the defendant) against the defendant County of Suffolk ("County"), alleging negligence [4] and civil rights violation pursuant to 42 USC S. 1983 for maintaining policies or customs of deliberate indifference to the plaintiffs' Constitutional rights.

Specifically, the plaintiffs claim that the defendant County required them to sleep on the upper bunk bed in their assigned cells without providing a safe means of access to and from the upper bunk and/or without instructing the plaintiffs on a safe manner to ascend to and/or descend from the upper bunk, and as a result the plaintiffs became injured while attempting to ascend to or descend from the upper bunk. The plaintiffs also allege that as of the date of their respective injuries [5] , the County was aware that other inmates had been injured while attempting to ascend to and/or descend from upper bunks, yet did not provide a safe means

_____

[3] Five of the six consolidated plaintiffs have executed or are in the process of executing releases in settlement of their claims. It is anticipated that by the time of the ruling on the motion to which this memorandum relates that the only remaining plaintiff will be John T. Connolly ("Connolly").

_____

[4] The plaintiffs' negligence count for failing to provide a ladder or other safe means to ascend to and/or descend from the upper bunk beds in the plaintiff-inmates' cells has been dismissed by the court, Lasker, J, on the grounds that the decision whether or not to provide a ladder is a discretionary function, and thus the defendant is immune from negligence liability pursuant to Section 10(b) of the Massachusetts Tort Claims Act (MGL c. 258, S1. et seq) for such failure. The defendant's motion to dismiss the plaintiffs' negligence complaint for failure to instruct the plaintiffs on a safe method of ascending to and/or descending from the upper bunk beds, as well as for allegedly violating 105 CMR 451.321 by forcing the plaintiffs to share a cell with two (2) other inmates in a cell with less than 210 square feet of space, was denied.

_____

[5] Connolly was injured on February 3, 2003.

of access or instructions on how to safely access the upper bunk to the plaintiffs, and that such conduct amounts to deliberate indifference to the plaintiffs' Constitutional rights to be free from cruel and unusual punishment.

The instant discovery dispute revolves around incident reports and like internal documents generated by the defendant prior to February 3, 2003 evidencing incidents of other inmates being injured in the same manner as plaintiffs, which other similar incidents would necessarily have been known to the defendant.

During previous discovery conferences , defense counsel has contended that compliance with the disputed request would be unduly burdensome, due to the time and effort involved in reviewing incident reports in order to cull out responsive reports. [6]

It is the plaintiffs' position that plaintiffs should not be penalized by being deprived of critical evidentiary support for their claims, which evidence is in the sole possession of the defendant and which would provide evidence of the extent of defendant's knowledge of prior similar occurrences, due to the nature of (and inadequacies in) the defendant's internal record keeping system.

3) THE DISPUTED DISCOVERY REQUEST AND RESPONSE THERETO

The plaintiffs served the following request for production of documents upon the defendant:

---

[6] Prior to the filing of the motion to which this memorandum relates, the defendant has reviewed its incident reports for the year 2002 and produced responsive reports.

"Request No. 26:

   A true copy of all Shift Commander's Rap Sheets; Sert Activities
Reports; Incident reports; Shift Commanders Logs and daily Shift
Events logs made or received by the defendant, its agent(s) and/or
employee(s), with regard to any incident of an inmate or detainee
of Suffolk House of Correction (SHOC) or Suffolk County Jail (SCJ)
being allegedly injured while ascending to or descending from the
upper bunk bed(s) located in jail cells at SHOC or SCJ during the
period 1994-2004.".

       The defendant has responded to said request  as follows:

   "Response No. 26

     Defendant objects to Request No. 26 on the grounds that it is
overly  broad,  unduly  burdensome  and  unlikely  to  lead  to  the
discovery of admissible evidence. Without waiving said objection,
Defendant refers to documents previously produced and bate stamped
000058-000084.".

       Following previous discovery conferences pursuant to U.S.D.C.

MA  Local  Rule  37.1(A),  the  defendant  has  produced  responsive

documents for the year 2002 only, and thus has not responded to

said request for the years 1994-2001, inclusive, and the year 2003.

4) PLAINTIFF-MOVANTS' POSITION

   It is the position of the movants that documents generated by

the defendant prior to February 3, 2003 concerning other inmates in

its  custody  allegedly  being  injured  while  ascending  to  and/or

descending from the upper bunk bed in jail cells at is facilities

are highly relevant as showing knowledge by the defendant of the

risk of injury to Connolly; which knowledge is highly relevant to

plaintiffs' allegation that the defendant was negligent in failing

to instruct Connolly as to a safe method to ascend to and descend

from  the  upper  bunk  bed  in  his  cell;  as  well  as  establishing

4

defendant's deliberate indifference to Connolly's right to be free from cruel and unusual punishment by assigning him to the upper bunk bed without supplying a means to safely ascend to and descend from the upper bunk and/or without instructing him as to a safe means for doing so.

F.R.Civ. P. Rule 26(b)(1), relative to the scope of discovery , states in pertinent part as follows:

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things ... Relevant information need not be admissible at the trial if the discovery  appears reasonably calculated to lead to the discovery of admissible evidence."

In Farmer v. Brennan, 511 U.S. 825 (1994), the U.S. Supreme Court defined "deliberate indifference" for the purposes of an Eighth Amendment conditions of confinement case as requiring a showing, inter alia, that prison official(s) had subjective knowledge of an excessive risk to inmate health or safety.

Formal and informal discovery to date has revealed 26 (twenty-six) instances  of the defendant's awareness of inmates at its' facilities allegedly being injured in the process of ascending to or descending from the upper bunk bed in cells. These similar incidents can be broken down as follows:

1) The six (6) consolidated plaintiffs in this action, three (3) of whom were injured prior to the date of Connolly's alleged incident of February 3, 2003;

2) Three (3) inmates who instituted litigation against the defendant for injuries prior to February 3, 2003;

3) Six (6) inmates who allegedly were injured in 2002, as disclosed  by the defendant's partial response to the disputed discovery request at issue; and

4) Eleven (11) inmates who were injured in 2005, as disclosed by documents produced by the defendant in discovery in this case.

Accordingly , the likelihood of the existence of additional such instances having been recorded in internal incident reports for years prior to 2002 (and for the year 2003 occurring between 1/1/03-2/3/03) is extremely high, if not a virtual certainty.

In addition, the high evidentiary value of such prior records as it bears on the defendant's knowledge of the risk of injury to Connolly prior to Connolly's alleged occurrence, coupled with the lack of any other source available to him to obtain this critical information, far outweighs any burden imposed on the defendant in searching its records. This is especially so considering that the plaintiffs would be effectively punished, and the defendant effectively rewarded, because of the lack of centralization and/or other inefficiencies in its system of tracking injuries to inmates in it custody as a result of the conditions upon which it imposes on such inmates.

Accordingly, the motion should be allowed.

Respectfully Submitted,


By his attorney,

/S/   ROBERT H. TOBIN, JR.

TOBIN AND TOBIN, PC
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
B.B.O. NO. 499425

Dated: 9/10/07