Case 1:04-cv-10835-RGS    Document 40    Filed 09/12/2007    Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                      )
DAVID M. GOLDEN, et. al.,             )
Plaintiffs                            )
                                      )
v.                                    )    CIVIL ACTION NO:  04-10835
                                      )
COUNTY OF SUFFOLK,                    )
Defendant                             )
                                      )
```

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, County of Suffolk, respectfully submits this Opposition to Plaintiff's Motion to Compel a Response to Request for Production of Documents.

This is a case involving only one remaining plaintiff, John Connolly[1] and an alleged incident that occurred on February 3, 2003. Plaintiff's motion to compel relates to his allegation of deliberate indifference pursuant to 42 USC §1983 for the Defendant's alleged failure to provide ladders to access the top bunk beds.[2]

Contrary to Plaintiff's counsel's, Robert H. Tobin, Jr., contention, counsel for Defendant was not aware that the motion to compel was seeking documents dating back to 1994 as set forth in Plaintiff's Request for Production of Documents. It was Defense counsel's understanding that Plaintiff was seeking records for 2001 only.[3] Given the fact

---

[1] Originally there were six (6) plaintiffs but five (5) have settled their claims without any admission of liability by Defendant.
[2] Plaintiff also filed a negligence claim of failure to provide ladders which was dismissed pursuant to the discretionary function exemption under MGL c. 258 §10(b).
[3] Due to the late nature of the request for these documents in light of the discovery deadline of November 18, 2007, and the amount of time it took to produce the documents for 2002, Defense counsel objected to the request for 2001 records.

1

that the discovery deadline is November 18, 2007, Defendant objected to this request.[4] On September 10, 2007, Plaintiff served the instant motion to compel seeking documents over a period of ten years (1994-2004) for both the Nashua Street Jail ("NSJ") and the House of Correction ("HOC").

### 1. **This Request is unduly burdensome and not likely to lead to admissible evidence**

#### a. **Not likely to lead to admissible evidence**

Defendant first responded to Plaintiff's request for such documents on September 23, 2006 contending that the request was overly broad, unduly burdensome and not likely to lead to the discovery of relevant and admissible evidence. Notwithstanding that objection, Defendant provided Plaintiff with responsive documents. In a letter dated December 23, 2006, Plaintiff objected to Defendant's response. Thereafter, in January 2007, Assistant General Counsel Alison Fabella was assigned to represent the Defendant in this matter. In late January 2007, counsel for both parties discussed Plaintiff's request and letter of December 23, 2006. At that time Defense counsel advised that the request for ten years (1994-2004) of documents was unduly burdensome given the nature of the documents sought and not likely to lead to admissible evidence relating to a claim of deliberate indifference. In an effort to resolve this discovery issue, Defendant voluntarily offered to provide records for the year 2002 for the HOC advising that such task would take a few months. Plaintiff was agreeable. During the approximately four (4) months that it took to locate these documents, the parties engaged in settlement negotiations and resolved five of the matters.

---

[4] In August 2007, the parties submitted a joint motion to extend discovery. The Court granted the parties until November 18, 2007 to complete discovery including the filing of summary judgment.

In August 2007, the Defendant turned over all responsive documents discovered during the above-referenced search which consisted solely of seven (7) reports[5] of alleged incidents involving bunk beds for the entire year of 2002. These reports did not contain any specific information regarding the circumstances of the falls or the nature and extent of any alleged injury.[6] More importantly, these documents which contain only seven (7) reports of alleged incidents, without any facts to support or confirm the circumstances surrounding the reports, do not rise to a level of notice or knowledge of any official at the Department in order to establish deliberate indifference.

Discovery has revealed only a total of twelve (12), not twenty-six (26) instances involving bunk beds. The seven (7) found in 2002, two (2) other plaintiffs from this matter (Ellies and Dwyer); and three (3) former inmates. Further, the records pertaining to these incidents do not establish the manner in which these inmates allegedly fell, the injuries that were sustained and whether they were serious in nature and whether any official at the Sheriff's Department was aware of any such incident. Moreover, these 12 instances do not prove the requisite knowledge or notice on behalf of any official over the span of three administrations sufficient to establish deliberate indifference. Plaintiff also references 11 instances from 2005. Any reference to 2005 is irrelevant and should have no bearing as these instances occurred two years after the alleged incident involved in this case.

Although Plaintiff contends that a search of these records dating back ten years is necessary and likely to lead to other similar instances, Plaintiff has not provided a scintilla of evidence of how these documents will establish his claim of deliberate

---

[5] One of the 7 individuals was Thomas Crosby, one of the plaintiffs in this action.
[6] In one of these reports, it was determined that the inmate had lied about falling from the bunk bed.

indifference. Defendant contends that such request is excessive and not likely to lead to admissible evidence. Further, during the time period of 1994 to 2004, there were three (3) different Sheriffs and three different administrations. Those Sheriffs included Robert Rufo (1994 to October 1996), Richard Rouse (October 1996 to November 2002) and current Sheriff Andrea Cabral (November 2002 to present). The Sheriff's administrations were all distinctly different with different superintendents and command staffs. Plaintiff has not provided any evidence that any official at the Sheriff's Department was aware of these inmates allegedly falling while ascending or descending.

      **b.**    **Unduly burdensome**

Plaintiff's request of ten years of documents from two institutions, the NSJ and HOC, is unduly burdensome. Plaintiff seeks reports including: Shift Commander RAP sheets, S.E.R.T. activity reports, incident reports, logs and daily shift logs. Currently the Department maintains these types of records, except the logbooks[7], in daily folders.[8] This was the practice from 2001 to present for the NSJ and 1998 to present for the HOC. Prior to this time, there was no central repository for the type of documents contained within daily folders. As a result, locating these types of documents prior to these years would be a very difficult task.

The scope of such a search is enormous and involves hundreds of thousands of pages of documents. Furthermore, due to the nature of the documents in a correctional facility, the task of reviewing these documents can only be accomplished manually by reviewing each document, page by page and line by line.

---

[7] The daily logbooks are maintained separately by unit. The HOC has 33 units and the NSJ has 13 units.
[8] The Shift Commander RAP sheets, S.E.R.T. activity reports, incident reports are maintained in daily folders for each day and contain all three shifts (11:00 p.m. – 7:00 a.m., 7:00 a.m. – 3:00 p.m. and 3:00 p.m. – 11:00 p.m. shift). These daily folders include reports and documents for every hour of every shift and each folder usually contains between 25 and 50 pages.

4

As set forth above, the review of the documents for the year 2002 for the HOC only, took approximately 4 months.  It is inconceivable how long a request for ten years of documents from two institutions would take.  Further, given the late request for such discovery, two months before the discovery deadline, such request is even more burdensome.

Accordingly, Plaintiff's motion to compel should be denied in its entirety as such request is unduly burdensome and not likely to lead to admissible evidence.

WHEREFORE, Defendant respectfully requests that Plaintiff's motion be denied in its entirety.

Dated:  September 12, 2007

    Respectfully submitted,
    Attorney for Defendant, Suffolk County,
    By its attorney,

    /s/ Alison G. Fabella
    _____
    Alison G. Fabella, BBO# 654858
    Assistant General Counsel
    Suffolk County Sheriff's Department
    200 Nashua Street
    Boston, MA 02114
    (617) 961-6678

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have caused a true copy of the foregoing to be served upon the plaintiff's counsel by first-class mail, postage pre-paid on September 12, 2007 follows:

    Robert H. Tobin, Jr., Esq.
    Tobin and Tobin
    735 South Street
    Roslindale, MA 02131-1705

    /s/ Alison G. Fabella
    _____
    Alison G. Fabella