UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-10835MEL

_____
                               )
DAVID M. GOLDEN, ET ALS,  )   MEMORANDUM OF REASONS IN
Plaintiffs,               )   SUPPORT OF PLAINTIFF JOHN T.
                               )   CONNOLLY'S MOTION FOR ENLARGEMENT
        VS.                )   OF SCHEDULING ORDER AND
                               )   TO AMEND COMPLAINT
COUNTY OF SUFFOLK,       )   PURSUANT TO FED.R.CIV. RULE 15
Defendant                )
_____)

      The instant case is a municipal negligence/civil rights action wherein the plaintiff John T. Connolly alleges he was injured while an inmate at the defendant's correctional facility when he fell while attempting to ascend to an upper bunk bed in his cell. The plaintiff alleges that a plastic chair he was standing on while attempting to climb up to the upper bunk bed gave way beneath him, causing him to fall.

      The recent (September 13, 2007) deposition of the defendant has established that it was the practice of the Suffolk County Sheriff's Department to provide wooden tables in inmate's cells; and that stepping on such table was a safe way for an inmate to climb up to the upper bunk bed.

      The plaintiff alleges that no table was provided in his cell either on the date of his alleged incident or prior.

      Accordingly, the plaintiff merely seeks leave to amend his complaint by adding language to his existing negligence count,

based upon the above-described recently obtained discovery, to allege that the defendant county correctional facility failed to provide a table as a safe means of access to the upper bunk.

FED. R. Civ. P. 15(A) states in pertinent part that:

"(Otherwise ) a party may amend his pleadings only by leave of court...., and leave shall be <u>freely given</u> when justice so requires.". (emphasis mine.)

The case law construing federal Rule 15 clearly show that the Congressional intent behind said Rule 15 is that amendments to complaints should be liberally allowed by the Courts.

"This rule continues the practice in effect prior to its adoption, in which liberality in amendment was encouraged and favored, where no prejudice or disadvantage was suffered by the opposing side." <u>McDowell v. Orr Felt and Blanket Co.</u>,146 F2D 136 (1944). "The mandate that leave to amend be freely given is to be heeded." <u>Ruluff v. Arabian American Oil Co,</u>, 421 F2d 240 (1979).

Accordingly, justice requires that the amended pleading be allowed.

> Respectfully Submitted,
> By his Attorney,
>
> /S/ ROBERT H. TOBIN, JR.
> _____
> ROBERT H. TOBIN, JR.
> TOBIN AND TOBIN, P.C.
> 735 South Street
> Roslindale, MA 02131
> Tel. (617) 325-1010
> B.B.O. No. 499425

Dated:  October 17, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record by mail and fax

Date: October 17, 2007   /S/   ROBERT H. TOBIN, JR.