UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID M. GOLDEN, et. al., )<br>Plaintiffs )<br> )<br>v. )<br> )<br>COUNTY OF SUFFOLK, )<br>Defendant )<br> ) | CIVIL ACTION NO: 04-10835 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT AND ENLARGE SCHEDULING**

Defendant, County of Suffolk, respectfully submits this Opposition to Plaintiff's Motion to Amend the Complaint and enlarge scheduling.

This is a case involving only one remaining plaintiff, John Connolly[1] and an alleged incident that occurred on February 3, 2003. Plaintiff seeks to amend his complaint for a second time, <u>more than three (3) years after the first amended complaint,</u>[2] to include an allegation under his negligence claim that Defendant failed to provide the "Plaintiff with a table to utilize as a safe means to ascend to and descend from said bunk."

Plaintiff's motion must be denied because (1) Plaintiff's cell was furnished with a table as demonstrated in a photograph and as testified to by Gerard Horgan, the very testimony which Plaintiff relies to amend his complaint; (2) the amendment, at the eleventh hour, is prejudicial to defendant; and (3) plaintiff's claim is futile.

---

[1] Originally there were six (6) plaintiffs but five (5) have resolved their claims without any admission of liability by Defendant.
[2] Plaintiff filed his first amended complaint on July 20, 2004.

1

First, Plaintiff's cell was furnished with a table as testified to by Gerard Horgan on September 13, 2007. During Defendant's deposition, Horgan identified such table on a photograph which depicted the cell on the date of the incident.[3] Leave to amend Plaintiff's his complaint at this stage would require additional discovery including a further deposition of Plaintiff and further delay of this case.

Second, this amendment is unduly prejudicial to Defendant. In August 2007, this Court allowed the parties' an additional three (3) months to complete discovery until November 18, 2007 with summary judgment filed by November 19, 2007.[4] Furthermore, Plaintiff waited more than three (3) years (39 months), on the eve of summary judgment, to file this second amended complaint having filed the first amended complaint on July 20, 2004. All discovery has been completed and Defendant is completing its summary judgment motion. Although Plaintiff contends that such evidence was newly discovered during the deposition of Gerard Horgan on September 13, 2007, Plaintiff never sought to conduct a 30(b)(6) deposition until August 2007. Additionally, Defendant provided Plaintiff with a copy of the Horgan's transcript on September 17, 2007, nearly one month ago.[5]

While "leave [to amend] shall be freely given when justice so requires the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc. 156 F.3d 49, 41

---

[3] Horgan testified as follows:
  "Q: Is that the table that you're referring to in the photograph which is Exhibit 2?
   A: Yes. At the bottom of bunk-number, the bottom bunk on the left-hand side."
  Deposition of Gerard Horgan, p. 28.

[4] The parties initially requested an extension until April 2008 in order to complete discovery and due to Defense Counsel's maternity leave from October 29, 2007 to February 25, 2008. The Court denied such request allowing "ninety (90) days and no more given the age of the case." When defense counsel sought a clarification from the court on the time to file summary judgment, she was advised by the Clerk that the motion must be filed by November 19, 2007.

[5] Defendant ordered an expedited transcript and provided a copy to Plaintiff on September 17, 2007.

2

Fed.R.Serv.3d 698. Leave to file an amended complaint is denied for "undue delay" in filing the motion and "undue prejudice to the opposing party by virtue of allowance of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Further, when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.' " <u>Stepanischen v. Merchants Despatch Transp. Corp</u>., 722 F.2d 922, 933 (1st Cir.1983) (affirming denial of motion for leave filed after seventeen-month delay) (quoting <u>Hayes v. New England Millwork Distribs., Inc</u>., 602 F.2d 15, 19-20 (1st Cir.1979) ('undue delay' can be a basis for denial."). Defendant contends that such delay is unduly prejudicial and Plaintiff has not offered any reason for such delay. The allowance of this amendment would require additional discovery and a further deposition of Plaintiff.

Finally, Plaintiff's proposed claim that Defendant failed to provide a table within Plaintiff's cell is futile. Plaintiff cannot establish that the failure to place a table within Plaintiff's cell to ascend to or descend from the bunk bed caused plaintiff's injury. There is no policy or requirement that every cell be equipped with a table and Plaintiff cites no authority for such claim. Notwithstanding, the decision whether to furnish a cell with a table is a discretionary function under M.G.L. c. 258 §10(b). Furthermore, Defendant did not testify that it was the "practice of the Defendant to provide wooden tables in inmates' cells." Not only is this claim futile, but it severely undermines plaintiff's deliberate indifference claim arguing that Defendant was deliberately indifferent by not providing a safe means for plaintiff to access the top bunk.

Accordingly, for the foregoing reasons, Plaintiff's motion to amend his complaint must be denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's motion be denied.

Dated: October 18, 2007

        Respectfully submitted,
        Attorney for Defendant, Suffolk County,
        By its attorney,

          /s/ Alison G. Fabella
        _____
        Alison G. Fabella, BBO# 654858
        Assistant General Counsel
        Suffolk County Sheriff's Department
        200 Nashua Street
        Boston, MA 02114
        (617) 961-6678

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have caused a true copy of the foregoing to be served upon the plaintiff's counsel by facsimile on October 18, 2007 follows:

        Robert H. Tobin, Jr., Esq.
        Tobin and Tobin
        735 South Street
        Roslindale, MA 02131-1705

         /s/ Alison G. Fabella
        _____
        Alison G. Fabella