

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                          SUPERIOR COURT
                                                       CIVIL ACTION 2004-1538B

GERALD BANVILLE

vs.

PLYMOUTH COUNTY COMMISSIONERS,
SHERIFF MCDONOUGH, PLYMOUTH COUNTY
SHERIFF'S DEPARTMENT

MEMORANDUM OF DECISION AND ODER
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

Plaintiff, Gerald Banville ("Banville"), is a former inmate of the Plymouth County Correctional Facility ("PCCF"). Plaintiff brought this action alleging negligence on the part of PCCF. Plaintiff claims that the defendants breached their duty of care when they failed to provide adequate safety equipment on the plaintiff's cell bunk causing him to fall and sustain injury. Specifically, the plaintiff alleges that the lack of a splash guard on the bunk ladder—which was in close proximity to the sink and the toilet—caused him to fall from the ladder as he descended his bunk on December 30, 2001.

The defendants move for summary judgment pursuant to Mass. R. Civ. P. 56. For the reasons that follow, the defendant's motion is **ALLOWED**.

DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmoving party, the moving party

is entitled to judgment as a matter of law. Mass. R. Civ. P. 56; *Cassesso v. Comm'r of Corr.*, 390 Mass. 419, 422 (1983). The burden of proving both the absence of a genuinely contested issue of material fact and entitlement to judgment as a matter of law is on the party seeking summary judgment. *Pederson v. Time, Inc.*, 404 Mass. 14, 16-17 (1989).

The Massachusetts Torts Claims Act, M.G.L. c. 258, imposes liability on a governmental entity for the negligence of its employees if: (1) the plaintiff was owed a duty; (2) there was a breach of the duty; (3) injury resulted from the breach; and, (4) the conduct of the government actor was causally related to the plaintiff's injury. *McNamara v. Honeyman*, 406 Mass. 43, 49 (1989); M.G.L. c. 258, § 2 (a governmental entity may be liable for failure to act when on notice of a potentially injurious condition).

Therefore, in order for the plaintiff to prove that PCCF was negligent by not installing a splash guard on the ladder, he must show that PCCF officials were aware of a hazardous condition in his cell and did not take any action to rectify it. Here, PCCF staff make daily inspections of prisoners cells to assure prisoner safety. Furthermore, PCCF is also inspected regularly by the Department of Correction, American Corrections Association and the National Commission on Correction Health Care. These inspections by outside agencies have never noted any defects or hazardous conditions relating to the bunks or ladders at PCCF. Furthermore, Assistant Deputy Superintendent of maintenance, Robert Silva, conducted an inspection of the cell in which the plaintiff's accident took place and concluded that the bunks in the cell were installed properly and pursuant to the specifications set out by the manufacturer. The court, therefore, concludes that the plaintiff is unable to prove that the defendants were aware of any hazardous condition in the plaintiff's cell. As a result, the plaintiff is, as a matter of law, unable to prove negligence by the defendants.

## ORDER

For the reasons stated above, the defendants' motion to dismiss, or in the alternative, for summary judgment is **ALLOWED**.

David A. McLaughlin
Justice of the Superior Court

DATED: June 20, 2007