UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL NO.04-10835-MEL

| | | |
|---|---|---|
| _____ | ) | PLAINTIFF JOHN T. CONNOLLY'S CONCISE |
| | ) | STATEMENT OF MATERIAL FACTS |
| DAVID M. GOLDEN, | ) | OF RECORD IN |
| ET ALS, Plaintiffs | ) | OPPOSITION TO DEFENDANT'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| VS. | ) | |
| | ) | |
| COUNTY OF SUFFOLK, | ) | |
| Defendant | ) | |
| _____ | ) | |

Pursuant to MA Local Rule 56.1, the plaintiff files this concise statement of the material facts of record as to which he contends there exists genuine issues to be tried, in opposition to defendant's motion for summary judgment ("statement"), as follows:

1. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 1 of defendant's statement.

2. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 1 of defendant's statement, and further states that the summary judgment record contains the following material facts:

The superintendent at SCHOC is responsible for the day to day operations and ensuring that the policies and procedures of the SCSD are followed; overseeing command staff; ands is the acting sheriff in the event of the sheriff's unavailability. (See

1

defendant deposition, p.10-ll). Supt. Horgan is also a member of
the policy review committee. (See defendant deposition, p.10;ll.18-
19). Supt. Horgan was deputy superintendent at SCHOC from 1999 to
January 2003 (Id.,p.9;ll.20-23); and was superintendent of SCSD's
SCJ facility  from January 2003 to November 2003. (Id.,pp.9-10).
Supt. Horgan's only superiors at SCHOC are the sheriff and the
sheriff's chief of staff. (Id.,p.11,ll.3-4).

   3. For the purposes of the defendant's Motion for Summary
Judgment, the plaintiff does not controvert paragraph 3 of
defendant's statement.

   4. For the purposes of the defendant's Motion for Summary
Judgment, the plaintiff does not controvert paragraph 4 of
defendant's statement.

   5. MGL c. 126 S16 excepts Suffolk County with regard to the
sheriff having custody and control of houses of correction therein
and prisoners committed thereto, and further provides that in
Suffolk county the  penal institutions commissioner shall appoint
the superintendent of the house of correction.

   6. MGL c. 126 S16 states in pertinent part that: "The sheriff
shall have custody and control of the jails in his county, and
except in Suffolk county, of the houses of correction therein, and
of all prisoners committed thereto, and shall keep the same
himself or by his deputy as jailer, superintendent or keeper, and
shall be responsible for them. The jailer, superintendent or keeper
shall appoint  subordinate assistants, employees and officers and

2

shall be responsible for them. In Suffolk county the penal institutions commissioner shall appoint the superintendent of the house of correction...".

7. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 7 of defendant's statement.

8. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 8 of defendant's statement.

9. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 9 of defendant's statement.

10. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 10 of defendant's statement.

11. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 11 of defendant's statement.

12. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 12 of defendant's statement.

13. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 13 of defendant's statement.

14. For the purposes of the defendant's Motion for Summary

Judgment, the plaintiff does not controvert paragraph 14 of defendant's statement.

15. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 15 of defendant's statement.

16. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 16 of defendant's statement.

17. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 17 of defendant's statement.

18. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 18 of defendant's statement, and further states that the summary judgment record contains the following material facts:

The bed that Connolly referred to as being able to climb up the frame of the bed was a "military" bed which was made in such a way as to enable him to do so, and is not made any more (See plaintiff deposition, p.171). SCSD did not provide lockers for Connolly's use in accessing the top bunk. (See plaintiff deposition, p.40;ll.14-21).

19. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 19 of defendant's statement, and further states that the summary judgment record contains the following material facts:

4

The beds that Connolly referred to as being able to climb up the frame of the bed were a "military" bed which was made in such a way as to enable him to do so, and are not made any more (see plaintiff deposition, p.171); or he was provided with lockers by the institution in order to climb up to the bed. (<u>Id,</u> pp.170-174). SCSD did not provide lockers for Connolly's use in accessing the top bunk. (See plaintiff deposition, p.40;ll.14-21).

20. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 20 of defendant's statement, and further states that the summary judgment record contains the following material facts:

The beds that Connolly referred to as being able to climb up the frame of the bed were a "military" bed which was made in such a way as to enable him to do so, and are not made any more (see plaintiff deposition, p.171); or he was provided with lockers by the institution in order to climb up to the bed. (<u>Id,</u> pp.170-174). SCSD did not provide lockers for Connolly's use in accessing the top bunk. (See plaintiff deposition, p.40;ll.14-21).

21. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 21 of defendant's statement, and further states that the summary judgment record contains the following material facts:

To  Connolly's understanding it was well known by SCSD prison officials that inmates had been injured while attempting to access the top bunks. (See plaintiff deposition, p.175).

5

22. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 22 of defendant's statement, and further states that the summary judgment record contains the following material facts:

To Connolly's understanding it was well known by SCSD prison officials that inmates had been injured while attempting to access the top bunks. (See plaintiff deposition, p.175).

23. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 23 of defendant's statement, and further states that the summary judgment record contains the following material facts:

To Connolly's understanding it was well known by SCSD prison officials that inmates had been injured while attempting to access the top bunks. (See plaintiff deposition, p.175).

24. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 24 of defendant's statement.

25. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 25 of defendant's statement.

26. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 26 of defendant's statement, and further states that the summary judgment record contains the following material facts:

Prior to February 3, 2003 there were at least 13 (thirteen)

instances of inmates at the facilities at SCHOC or Suffolk County Jail ("SCJ") allegedly being injured while attempting to climb up to or down from a top bunk bed. Of these, nine (9) were recorded in internal SCSD reports; 2 (two) were documented in letters from attorneys representing allegedly injured inmates; and one (1) was contained in an internal inmate grievance form.  The records on their face indicate that in 9 (nine) of these instances the affected inmates required medical treatment, including 3 (three) instances where the inmate was transported out of the institution to a hospital for medical treatment. (See defendant deposition, pp.39-56).

In addition, the actual number of inmates  injured in this fashion prior to 2002 is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

27.    Prior to February 3, 2003 there were at least 13 (thirteen) instances of inmates at the facilities at SCHOC or Suffolk County Jail ("SCJ") allegedly being injured while attempting to climb up to or down from a top bunk bed. Of these, nine (9) were recorded in internal SCSD reports; 2 (two) were documented in letters from attorneys representing allegedly injured inmates; and one (1) was contained in an internal inmate grievance form. The records on their face indicate that in 9 (nine) of these instances the affected inmates required medical treatment, including 3 (three)  instances where the inmate was transported out

7

of the institution to a hospital for medical treatment. (See defendant deposition, pp.39-56).

In addition, the actual number of inmates injured in this fashion prior to 2002 is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

28. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 28 of defendant's statement.

29. The internal SCSD reports contained, inter alia, the following information:

February 16, 2002- "Inmate Crosby....complained of back injury after accidentally slipping and destroying the face sink. He was apparently attempting to gain access to his top bunk by way of the sink. He also sustained small laceration to right wrist/forearm." (See defendant deposition, p.39-40);

January 15, 2003- "Inmate Ellies....fell off top bunk, received a cut over left eye". (See defendant deposition, p.42);

January 14, 2003- "Detainee Dwyer...fell out of the top bunk and hurt his ankle." (See defendant deposition, p.46-47);

October 21, 2002- "Inmate...lying on the floor of his cell,...was climbing to his top bunk and he fell to the floor,...seen by medical."(See defendant deposition, p.51-52);

March 29, 2002- "Inmate...fell down coming from his top bunk. Medical escorted inmate to infirmary in a wheelchair."(See defendant deposition, p.52-53);

December 25, 2002- "Inmate...slipped and fell while climbing from bunk....Transported to BMC and returned. Placed in infirmary."(See defendant deposition, p.53-54);

October 10, 2002- "Inmate...fell and cut himself climbing back into his bunk...will need stitches."(See defendant deposition, p.54);

September 16, 2002- "Inmate...fell while trying to get into top bunk...to infirmary.""(See defendant deposition, p.55);

November 6, 2002- "Inmate...slipped and fell while attempting to get on her top bunk...complained of back pain." (See defendant deposition, p.55);

The letters from attorneys representing inmates contained, inter alia, the following information:

Letter received February 4, 2001: "As (inmate Scott) attempted to climb onto the top bunk..., the butcher block counter he used to step to the top bunk gave way...He suffered injuries to his back, groin and arm..."(See defendant deposition, p.45-46);

Letter dated September 8, 1999, alleging an inmate saying he stepped off his bunk, stepped onto the sink or toilet and fell.(See defendant deposition, p.48-49);

The grievance from an inmate contained, inter alia, the following information:

Grievance dated August 16,2000- "I tried to get down from the top bunk...placed my foot on the top of the sink to get down, I slipped and fell.". (See defendant deposition, p.51).

In addition, the actual number of inmates injured in this fashion prior to 2002 is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

30. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 30 of defendant's statement.

31. In response to paragraph 31, Plaintiff states that to the extent that this statement has any relevance, it is based upon complete speculation.

32. For the purposes of the defendant's Motion for Summary

Judgment, the plaintiff does not controvert paragraph 32 of defendant's statement, and further states that the summary judgment record contains the following material fact that the plaintiff was also injured in 2003.

33. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 33 of defendant's statement.

34. The actual number of inmates injured in this fashion prior to 2002 (including 2000) is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

35. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 35 of defendant's statement.

36. The actual number of inmates injured in this fashion prior to 2002 (including 2000) is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

37. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 37 of defendant's statement.

38. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 38 of defendant's statement.

39. The actual number of inmates injured in this fashion prior

to 2002 (including 1999-2001) is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

40. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 40 of defendant's statement, and further states that the summary judgment record contains the following material facts:

To the knowledge of Supt. Horgan there were 3 (three) safe ways as of February 2003 for inmates to climb up onto the top bunk: By stepping onto the bottom bunk and then climbing up to the top bunk; by stepping onto a plastic chair and then climbing up to the top bunk; and by stepping onto a wooden table and then climbing up to the top bunk. (See defendant deposition, p.26;ll.1-17).

Inmates were not allowed to put additional furniture in their cells beyond that furnished by SCSD. (See defendant deposition, p.24;ll.3-5).

Prior to February 2003, inmates (including Connolly) were not given instructions by SCSD as to how to get up onto the top bunk. (See defendant deposition, p.32;ll.16-18; See plaintiff deposition, p.56;ll.14-16).

As of February 2003, Connolly's cell was equipped with only the three (3) beds, a plastic chair and a property bag (See plaintiff deposition, p.40;ll.14-21) and not a wooden table.

41. For the purposes of the defendant's Motion for Summary

11

Judgment, the plaintiff does not controvert paragraph 41 of defendant's statement.

42. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 42 of defendant's statement, and further states that the summary judgment record contains the following material facts:

SCSD did not make inquiry of DOC specifically about the issue of inmates being injured from top bunk beds. (See defendant deposition, p.25;l.18).

43. For the purposes of the defendant's Motion for Summary Judgment, the plaintiff does not controvert paragraph 43 of defendant's statement, and further states that the summary judgment record contains the following material facts:

Prior to February 3, 2003 there were at least 13 (thirteen) instances of inmates at the facilities at SCHOC or Suffolk County Jail ("SCJ") allegedly being injured while attempting to climb up to or down from a top bunk bed and/or from falls from the top bunk.(See defendant deposition, pp.39-56).

In addition, the actual number of inmates injured in this fashion prior to 2002 is unknown to the parties, and can only be ascertained by researching all of the internal incident reports filed prior to 2002. (See defendant deposition, p.61;ll.4-15).

To the knowledge of Supt. Horgan there were 3 (three) safe ways as of February 2003 for inmates to climb up onto the top bunk: By stepping onto the bottom bunk and then climbing up to the

12

top bunk; by stepping onto a plastic chair and then climbing up to the top bunk; and by stepping onto a wooden table and then climbing up to the top bunk. (See defendant deposition, p.26;ll.1-17).

Inmates were not allowed to put additional furniture in their cells beyond that furnished by SCSD. (See defendant deposition, p.24;ll.3-5).

Prior to February 2003, inmates (including Connolly) were not given instructions by SCSD as to how to get up onto the top bunk. (See defendant deposition, p.32;ll.16-18; See plaintiff deposition, p.56;ll.14-16).

As of February 2003, Connolly's cell was equipped with only the three (3) beds, a plastic chair and a property bag (See pl plaintiff deposition, p.40;ll.14-21) and not a wooden table.

                                        JOHN T. CONNOLLY
                                        PLAINTIFF
                                        By his  attorney ,

                                        _____
                                        /s/ ROBERT H. TOBIN, JR.
                                        TOBIN AND TOBIN, P.C.
                                        735 South Street
                                        Roslindale, MA 02131
                                        Tel. (617) 325-1010
                                        BBO NO. 499425
Dated:__11-23-07_____


## CERTIFICATE OF SERVICE

I, ROBERT H. TOBIN, JR., attorney for the plaintiff hereby certify that I have on this day served a copy of this document by delivering the same this day, postage pre-paid, to the attorney for the defendant, Suffolk County Sheriff's Department,

13

200 Nashua Street, Boston, MA 02114, Attention: Ellen M. Caulo Esq. and Alison Fabella, Esq.

Signed under the penalties of perjury this 26th day of November, 2007.

_____

/s/ ROBERT H. TOBIN, JR.